Lula Belle CONERLY, Appellant,

v.

Dr. Edward MORRIS, Appellee.

No. 17240.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

W. Jiles Roberts, Houston, for appellant.

Fulbright & Jaworski, Charles R. Parker, Houston, for appellee.

EVANS, Justice.

This is an appeal from a summary judgment in favor of the defendant in a medical malpractice case. The trial court's judgment is based upon a determination that the plaintiff's action is barred, as a matter of law, by the two-year statute of limitations.

This action was brought by Mrs. Lula Belle Conerly against Dr. Edward H. Morris, M.D., on July 22, 1975. In her petition Mrs. Conerly alleged that she had been a patient of Dr. Morris' from October 1970 until July 27, 1973, when, as a result of treatment received from him for a fibroid tumor, she suffered a heart condition requiring her hospitalization. She alleged that during the time she was being treated by Dr. Morris for the tumor condition, she was assured by him that it was "nothing to worry about" and that if surgery ever became necessary, he would send her to a clinic for the operation. She alleged that when she was subsequently hospitalized for the heart condition, it was discovered that surgery was necessary to remove the tumor and that the tumor should have been removed while she was under Dr. Morris' care in order to prevent the heart condition from developing. Mrs. Conerly alleged that Dr. Morris was negligent in the treatment of her in one or more of the following particulars:

"a. In failing to perform surgery;

b. In failing to advise her that surgery was in fact needed

c. In failing to advise her of the consequences of failing to have surgery.

d. In representing to her that the tumor was 'nothing to worry about'."

In her petition, Mrs. Conerly stated that she last saw Dr. Morris on January 23, 1973, that she had received treatment from his office on February 2, 1973, and that she was to return to see him in about six months.

In his motion for summary judgment Dr. Morris alleges that Mrs. Conerly's action is one for damages based upon an alleged negligent "misdiagnosis", which occurred no later than January 1973, and that more than two years elapsed between the date of such misdiagnosis and the date suit was filed in July 1975. Alternatively, Dr. Morris alleges that Mrs. Conerly's deposition testimony shows she knew of the existence of the tumor in her body and was therefore fully aware of the injury prior to the last time she saw him in January 1973.

The first question to be determined is whether the so-called discovery rule is applicable to the action alleged by Mrs. Conerly. If the discovery rule is applicable, Mrs. Conerly's cause of action must be considered to have accrued when the nature of the injury was or should have been discovered by the plaintiff, rather than upon the date of the alleged wrongful act or omission causing the injury. *Hays v. Hall*, 488 S.W.2d 412 (Tex.1972); *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977).

Dr. Morris contends that the discovery rule is not applicable because Mrs. Conerly's action is founded not upon allegations of negligent treatment, but rather upon a neg-

ligent misdiagnosis. He relies upon the holding in *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977).

In the *Robinson* case the defendant practitioner, concluding that the plaintiff had a herniated disc between the fourth and fifth lumbar vertebrae, performed surgery to repair the disc at that location. The plaintiff continued to have back pains, and after subsequent testing, a herniated disc was found between the third and fourth lumbar vertebrae. Thus, the plaintiff claimed that the defendant had erroneously diagnosed her condition and had operated on the wrong disc. The Texas Supreme Court held that since the plaintiff's action was founded upon an alleged misdiagnosis, subject to proof only by "expert hindsight", the discovery rule was inapplicable.

In the case at bar, Mrs. Conerly states in her deposition that in the early part of 1972, she found a knot in her side and went to see Dr. Morris, who had treated her for a prior injury. Dr. Morris found a tumor about the size of an orange and also determined that Mrs. Conerly was anemic. He prescribed shots and tablets and advised Mrs. Conerly to eat plenty of meat to build up the iron in her blood. Dr. Morris told Mrs. Conerly that if he ever thought she needed surgery for the tumor, he would recommend it and that there were clinics she could go to since she did not have insurance coverage. She made several visits to Dr. Morris' office thereafter, and she last saw Dr. Morris in January 1973. At that time the tumor was quite a bit larger. She was not told how large it was, but she could tell it was larger since she had to change her dress and pant size. Prior to her last visit to Dr. Morris, she was feeling depressed because she had been "worried to death, about the tumor." Her menstrual periods were not normal and on such occasions she hemorrhaged excessively. After her first visit Dr. Morris never mentioned surgery and just told her to "eat plenty of meat, take my vitamins." She had never told Dr. Morris that she wanted to go ahead with surgery. "I was waiting on him. He was the doctor. I was waiting for him." When she last saw Dr. Morris in January 1973, he told her to come back in six months; she saw no other doctor from that time until she was hospitalized in July 1973. When she first learned of the tumor in 1972, she could feel it herself and it was then about two or three inches in diameter. When she told Dr. Morris it was getting larger he said not to worry about it, that it would get to a certain size and then stop.

■ In considering the propriety of a summary judgment, the reviewing court must accept as true the non-movant's version of the facts as evidenced by the summary judgment proof and must make every reasonable inference in the non-movant's favor. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). It matters not that the court may surmise that the party opposing the motion is unlikely to prevail upon the final trial on the merits. *Herold v. City of Austin*, 310 S.W.2d 368 (Tex.Civ.App.—Austin 1958, writ ref'd n. r. e.). McDonald, Texas Civil Practice, Vol. 4, Section 17.26.12 pp. 177.

■ The record in the case at bar shows that the issue raised by Mrs. Conerly's action is not whether Dr. Morris negligently diagnosed her condition, but whether his treatment of her condition was reasonable and prudent. Dr. Morris accurately diagnosed the growth in Mrs. Conerly's body as a fibroid tumor, and he prescribed certain treatment for her. The fact that this treatment consisted of waiting and observing the further development of the tumor and the improvement of her bodily condition through diet and nutritional control, rather than surgery or physical therapy, does not mean that it was any less "treatment", as distinguished from "diagnosis". Thus, the discovery rule is applicable in determining whether the statute of limitations is shown to bar the cause of action as a matter of law.

■ The discovery rule is not a plea of confession and avoidance of the statute of limitations. Where the "discovery rule" is raised by the pleadings, the defendant seeking a summary judgment has the burden of establishing, as a matter of law, that there

**636**

is no genuine issue of material fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. *Weaver v. Witt*, supra.

It is Dr. Morris' contention that since Mrs. Conerly knew of the existence of her tumor and that it was growing in size, she was aware of the "injury" no later than January 24, 1973, even though she may not have been aware of the extent of such injury. In support of this contention, Dr. Morris relies upon the holding in *Sanchez v. Wade*, 514 S.W.2d 812 (Tex.Civ.App.—El Paso, no writ). In that case the plaintiff had been examined by the defendant in June 1970 for a pain in his right leg, and he was hospitalized for further tests. No evidence of arterial disease was found, and the plaintiff thereafter had no further contact with the defendant. In April 1971, the plaintiff was hospitalized again, and was advised by another physician that he had arterial insufficiency, that he would lose his leg and that there was little that could be done for the leg. In May 1973, approximately three years after the plaintiff had seen the defendant, and more than two years after he had been advised of the condition of his leg, but less than two years from the date of the amputation of his leg, he brought a malpractice action against the defendant. The court held that the plaintiff's action was barred by the two-year statute of limitations, evidently concluding that the summary judgment proof established, as a matter of law, that the plaintiff had been fully aware of the condition of his leg for more than two years prior to the date of filing suit.

The record in the present case shows that Mrs. Conerly had an awareness that she had a fibroid tumor growing in her body more than two years prior to July 1975, the date she instituted this action against Dr. Morris. However, the summary judgment proof does not establish, as a matter of law, that at any time prior to July 1973, she was aware of an "injury" or that the condition of the tumor had reached the point that surgical treatment was required. Thus, the summary judgment proof reflects a genuine issue of material fact concerning the date when Mrs. Conerly first discovered the injury.

The trial court's summary judgment is reversed and the cause is remanded for further proceedings.