**Ralph LAMAR et ux., Appellants,**

v.

**Dr. James M. GRAHAM, Appellee.**

**No. 6160.**

Court of Civil Appeals of Texas, Waco.

April 30, 1980.

Rehearing Denied May 15, 1980.

James R. (Ron) Weddington, Friedman, Weddington, Hansen & Gordon, Austin, for appellants.

Barham Bratton, Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

## OPINION

JAMES, Justice.

This is a medical malpractice case, same being an appeal from a summary judgment in favor of the defendant doctor. Plaintiff-Appellant Ralph Lamar brought this suit against Defendant-Appellee Dr. James M. Graham for damages growing out of medical care and treatment, based upon a misdiagnosis by the doctor of Plaintiff-Appellant's ailments. The defendant doctor filed a motion for summary judgment upon the ground that Plaintiff's cause of action was barred by the two year statute of limitations, Article 5526, Vernon's Texas Civil Statutes. The trial court granted said motion and entered summary judgment in favor of the Defendant-Appellee doctor, from which Plaintiff-Appellant Lamar appeals.

The specific question before us is whether the "discovery" rule applies to a cause of action based upon a misdiagnosis case as opposed to a negligent treatment case. We are of the opinion that the case at bar is one of misdiagnosis, that the discovery rule does not apply, and thereby affirm the trial court's judgment.

Plaintiff-Appellant Lamar first sought medical treatment from Defendant-Appellee Dr. Graham on January 22, 1970. Plaintiff Lamar told Dr. Graham that another physician had advised him (Lamar) that he had a thyroid deficiency; moreover, Plaintiff complained to Dr. Graham of numerous aches and pains, depression, and a decrease of sexual desire. Later, Plaintiff complained of trouble with his eyesight. Dr. Graham diagnosed Plaintiff's trouble as rheumatoid arthritis and treated him accordingly. Dr. Graham prescribed to Plaintiff a drug known as decagesic, a synthetic form of cortisone. The treatment was continued uninterruptedly for six and one-half years until June 3, 1976, when Dr. Graham discovered that Mr. Lamar suffered from a tumor on his pituitary gland which had to be surgically removed.

Plaintiff Lamar came to Dr. Graham complaining of severe headaches, whereupon on June 3, 1976, Dr. Graham referred him to a radiologist, who administered a skull X-ray upon Plaintiff which revealed a tumor on his pituitary gland. Shortly thereafter, Plaintiff underwent surgery for removal of the tumor.

Plaintiff Lamar filed this suit on May 26, 1978, more than eight years after the diagnosis of rheumatoid arthritis, (January 1970) but less than two years after the discovery (June 3, 1976) that he was suffering from a pituitary tumor. Therefore, the question presented by this appeal is whether Plaintiff-Appellant's cause of action accrued in 1970 at the time of the misdiagnosis and is therefore barred by the two year statute of limitation, or whether the "discovery" rule should be applied so that the cause of action did not accrue until Plaintiff discovered the misdiagnosis on June 3, 1976, in which latter event his cause of action would not be barred by limitations.

As stated, the Defendant-Appellee doctor asserts that Plaintiff-Appellant's action is barred by limitations. To the contrary, Plaintiff-Appellant claims that he did not actually discover, nor in the exercise of ordinary care should he have discovered, the misdiagnosis until June 3, 1976, a time less that two years before he filed this suit, that his cause of action did not accrue until June 3, 1976, and therefore his suit is not barred.

In our opinion, the case at bar falls squarely within the holding of our Supreme

Court in *Robinson v. Weaver* (Tex.1977) 550 S.W.2d 18, and our case is governed thereby. In *Robinson,* as in the case at bar, the Plaintiff's cause of action was based upon a negligent diagnosis. In *Robinson,* our Supreme Court held that the discovery rule did not apply to an action based upon the defendant physician's misdiagnosis, and consequently limitations commenced to run at the time of such misdiagnosis and therefore plaintiff's action was barred by the two year statute of limitations. In *Robinson,* the court draws a distinction between a cause of action based upon negligent diagnosis as opposed to a cause of action based upon negligent treatment. Said opinion cites and discusses a number of cases wherein plaintiff's case is based upon negligent treatment, in which class of cases the discovery rule is applied. See *Gaddis v. Smith* (Tex.1967) 417 S.W.2d 577 (foreign object was negligently left in the patient's body); *Hays v. Hall* (Tex.1972) 488 S.W.2d 412 (negligent performance of a vasectomy operation); *Grady v. Faykus* (Corpus Christi Tex.Civ.App.1975) 530 S.W.2d 151 NRE (excessive X-ray treatment). In *Gaddis, Hays,* and *Grady,* it was held that the discovery rule applied and that in each of those cases of negligent treatment the plaintiff's cause of action did not accrue until plaintiff either discovered or by the exercise of ordinary care should have discovered the true facts concerning such negligent treatment.

This pattern of applying the discovery rule to medical malpractice cases involving negligent treatment has been consistently followed by our Texas courts since *Robinson v. Weaver.* See *Weaver v. Witt* (Tex.1977) 561 S.W.2d 792 (negligent hemorrhoidectomy operation); *Fitzpatrick v. Marlowe* (Tyler Tex.Civ.App.1977) 553 S.W.2d 190, NRE (negligent nose surgery and subsequent treatment); *Conerly v. Morris* (Houston 1st Tex.Civ.App.1978) 575 S.W.2d 633, NRE (negligent treatment of fibroid tumor).

In the case at bar, Plaintiff-Appellant's cause of action was based upon negligent diagnosis, which means that his cause of action accrued at the time of the alleged negligent diagnosis, to wit, in the year 1970.

Under our view of the case, Plaintiff-Appellant's cause of action was barred as a matter of law two years after such misdiagnosis, thereby making the summary judgment in favor of the Defendant-Appellee doctor proper.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.