**Elizabeth LEEDS, Appellant,**

v.

**Denton A. COOLEY, et al., Appellees.**

**No. 01–85–307–CV.**

Court of Appeals of Texas,
Houston (1 Dist.).

Oct. 24, 1985.

Rehearing Denied Nov. 14, 1985.

John Gano, Gano & Donovan, Houston, for appellant.

Pearson Grimes, Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

HOYT, Justice.

Appellant, Elizabeth Leeds (Leeds), is appealing from a summary judgment in a medical malpractice suit. Appellees, Doctors Riquelme, Keats, and Arthur S. Keats, M.D. Associates ("the doctors"), were granted summary judgment based on the statute of limitations. Following the granting of the summary judgment, the court severed that part of the suit from the remainder of Leeds' claim, so that the judgment became final and appealable. We affirm.

Under the direction of Drs. Reul and Cooley, appellant underwent coronary by-pass surgery on December 28, 1976, and again on February 10, 1977. Dr. Riquelme was a member of the anesthesiology team during the surgery on February 10. Because of complaints of numbness and paresthesia (tingling) in her left arm, Leeds was readmitted to the hospital on March 3, 1977.

Leeds' original suit, filed on September 15, 1978, against Dr. Cooley, was amended to include Dr. Reul as a defendant. On June 21, 1984, she again amended her petition to include Drs. Riquelme, Keats, and Arthur S. Keats, M.D. Associates. The doctors added by the last amendment filed a motion for summary judgment contending that Leeds' claim was barred by limitations as a matter of law.

Leeds urges six points of error that can be resolved in a discussion of her two principal contentions. She alleges that the summary judgment was improper because of the discovery rule and because of fraudulent concealment. She asserts that these two doctrines will toll the statute of limitations.

At the time of Leeds' injuries, the applicable statute was Tex.Ins.Code Ann. art. 5.82, sec. 4, ch. 330, sec. 1, 1975 Tex.Gen. Laws 864, *repealed by* ch. 817, pt. 4, sec. 41.03, 1977 Tex.Gen.Laws 2064. Section 4 provided that:

> [N]o claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or ... certified to administer anesthesia in this state ... for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date of the medical treatment that is the subject of the claim.

The doctors' position is that it was necessary for Leeds to file her lawsuit against them by March 3, 1979, in order to comply with article 5.82, because Leeds knew of her condition and possible claim for that condition.

### Discovery Rule

■ The discovery rule, first expressed by the Texas Supreme Court in 1967, provides that:

> [T]he cause of action for the negligent leaving of a foreign object in a patient's body by a physician accrues when the patient learns of, or, in the exercise of reasonable care and diligence, should

have learned of the presence of such foreign object in his body. *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex. 1967). The supreme court invoked the discovery rule in recognizing that the statute of limitations takes away a legal remedy from an injured party before the injury is discovered. *See Hays v. Hall*, 488 S.W.2d 412, 413 (Tex.1972). In situations where there is a showing that the patient knew or should have known of the negligent treatment, the discovery rule will not be invoked. *See Melendez v. Beal*, 683 S.W.2d 869 (Tex.App.—Houston [1st Dist.] 1984, no writ).

The issue before us is whether the patient knew or should have known of the negligent treatment within the limitation period. Leeds added these doctors to the suit seven years after the date of treatment. She is contending that she made a mistake in her original petition regarding the correct defendants and that, upon their discovery, she should be permitted to bring them into the lawsuit outside the limitation period.

Appellant discovered her condition in March 1977. She had until March 1979 to learn who, if anyone, caused her condition. Although she brought suit within this time, she failed to add appellees to the suit until June 1984. The statute of limitations is tolled at the time a party defendant is brought into the suit and not when an original pleading is filed. *Ramos v. Levingston*, 536 S.W.2d 273, 275–76 (Tex.Civ. App.—Corpus Christi 1976, no writ).

Therefore, Leeds' reliance on Drs. Reul and Cooley's testimony that the anesthesiologist *possibly* caused her injury does not invoke the discovery rule.

### Fraudulent Concealment

When a defendant is under a duty to disclose, but fraudulently conceals the existence of the cause of action from the injured party, the statute of limitations is tolled until the right of action is discovered or should have been discovered. *Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.1974). The estoppel effect of fraudulent conceal-ment as a defense ends when a party learns of facts or conditions that would cause a reasonably prudent person to make inquiry leading to the discovery of a concealed cause of action. *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex.1983). When the injured party relies on fraudulent concealment, that party has the burden of offering proof raising a fact issue of fraudulent concealment. *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex.1977); *Nichols*, 507 S.W.2d at 520. That party must show that there was actual knowledge that a wrong occurred and that there was a fixed purpose to conceal the wrong. *Dotson v. Alamo Funeral Home*, 577 S.W.2d 308, 311 (Tex.Civ.App.— San Antonio 1979, no writ).

It was Leeds' burden to produce evidence supporting her claim that Drs. Riquelme and Keats fraudulently concealed evidence that was the basis of her cause of action. Leeds' cause of action was discovered before the depositions of Drs. Reul and Cooley, so that there was no concealed cause of action. Drs. Reul and Cooley testified that the claim *could* have arisen from the work of the anesthesiologist, but there is no showing that Drs. Riquelme and Keats had actual knowledge that they had committed a wrong and that they intended to conceal the wrong. We overrule this contention and accordingly overrule each of Leeds' points of error.

The judgment of the trial court is affirmed.

JACK SMITH, J., not participating.