**Donna Marie HELLMAN, Appellant,**

v.

**Luis E. MATEO, M.D., and Memorial Care Systems, Appellees.**

No. 01–87–00340–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 12, 1988.

Rehearing Denied June 16, 1988.

John M. Holloway, Houston, for appellant.

Claude McQuarrie, III, Fulbright & Jaworski, Dan Ryan, Ryan & Smith, Houston, for appellees.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

## OPINION

DUNN, Justice.

Appellant, Donna Marie Hellman, appeals from a summary judgment in a medical malpractice case concerning an erroneous pathology report. Appellees, Dr. Luis E. Mateo, a pathologist, and Memorial Care Systems, each filed a motion for summary judgment alleging that appellant's cause of action was barred by the applicable statute of limitations as a matter of law, referring to Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 10.01 (Vernon 1987). Memorial Care Systems raised the additional ground that appellant failed to raise a genuine issue of material fact that would support her allegations that Dr. Mateo was acting as the agent, servant, or employee of Memorial Hospital such as would give rise to its alleged vicarious liability.

The malpractice suit was based upon Dr. Mateo's failure to correctly diagnose a lymph node biopsy as Hodgkin's disease on January 5, 1983. Appellant had been admitted to Memorial Hospital Southwest by her personal physician for removal and biopsy of the lymph node from her neck. Dr. Mateo was associated with Memorial Pathology Consultants, which was under contract with the hospital, and prepared the pathology report for appellant's physician. According to appellant, the written report was placed in her file on January 10, 1983.

On August 24, 1984, 19 and ½ months later, appellant was hospitalized at Fort Bend Community Hospital by a different physician for removal and biopsy of another lymph node, in the same area of her neck, which was reported as showing Hodgkin's disease. On September 4th, she was readmitted to undergo surgical procedures and to begin radiation treatments. It was at this time that it was discovered that the disease, which at first appeared to be in its early stage, was in a more advanced stage with more serious repercussions. On January 22, 1985, appellant entered into a contract with an attorney regarding a possible malpractice suit. In March 1985, appellant had the slide of the same lymph node that had been examined by Dr. Mateo re-examined by another pathologist. She contends that this was the first time she learned conclusively of the erroneous report by Dr. Mateo. In April 1985, appellant's attorney referred her to another attorney, who on August 30, 1985, filed the medical malpractice suit, also alleging breach of contract and warranty causes of action. This filing was approximately two years and eight months from the date of the incorrect pathology report.

Eight of the nine points of error raised by appellant challenge the application of the two-year statute of limitation provided for health care liability claims in article 4590i of the Texas Medical Liability Insurance Improvement Act ("the Act"). The pertinent part reads:

Sec. 10.01 Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is

the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 10.01 (Vernon 1987).

In points of error one and six, appellant argues that appellees failed to conclusively establish as a matter of law that the suit was barred by limitations, and that appellant "should" have discovered the "nature of the wrong" and the "accrual of damages" within two years prior to filing suit. In points of error two and three, appellant argues that the trial court erred in failing to apply the "discovery rule," which they allege would have required the limitation period to run from at least the date of the second biopsy. In points of error four and five, appellant challenges the constitutionality of article 4590i, arguing that it violates the open courts provision of article I, section 3, of the Texas Constitution and her equal protection and due process rights.

The supreme court has found that article 4590i, enacted to alleviate a perceived medical malpractice insurance crisis, created an absolute two-year limitation period, and was intended to abolish the discovery rule in cases governed by the Act. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). The constitutionality of the absolute two-year limitation has been challenged on numerous occasions, with the strongest constitutional due process challenge having been found to be a violation of the Open Courts Act. *Morrison*, 699 S.W.2d at 207. The Texas Open Courts Act requires that "all courts shall be open, and every person for an injury done him, in his lands, goods, person, or reputation, shall have remedy by due course of law." Tex.Const. art. I, sec. 13.

■ The constitutionality of article 4590i has been upheld as long as it did not cut off a cause of action before the plaintiff had a "reasonable opportunity to discover the wrong and bring suit" within the two-year period. *E.g., Morrison*, 699 S.W.2d at 207 (finding the absolute two-year limitation not unconstitutional where appellant had 18 months after discovery to file suit). The *Morrison* court described its earlier rulings of unconstitutionality as being "premised on the fact that it was not possible for the parties to so discover." *Id.* The *Morrison* court was referring to *Neagle v. Nelson*, 685 S.W.2d 11 (Tex.1985), where appellant did not discover, nor could have discovered, that a sponge had been left in his body until after the two-year period had expired, and *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), which found the repealed predecessor to article 4590i unconstitutional in barring a wrongful birth suit against a doctor for informing a plaintiff that she was not a carrier of muscular dystrophy, when at the age of four, her second son was diagnosed as having the disease. As long as a plaintiff could discover the wrong and bring suit within the two-year period, the limitation period is to run from the date of the tort or the last day of treatment, and not from the date of discovery. *Id.* at 208. Where the date of the tort is known, only that date is applicable. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987).

■ A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); Tex.R.Civ.P. 166–A. Once the movant has established the right to a summary judgment on the issues presented, the non-movant must, in a written response, expressly present to the trial court those issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166–A(c). No longer must the movant negate all possible issues of law and fact that could be raised by the non-movant. *Id.* To circumvent the bar of limitations, the non-movant must plead and prove the "discovery rule" as an affirmative defense to that bar. *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980).

While the courts have held that the "discovery rule" no longer applies to medical malpractice claims, a plaintiff would be required to raise the affirmative defense that she could not have discovered and filed suit within the two-year period, in order to challenge the constitutionality of the absolute two-year limitation. *See Morrison,* 699 S.W.2d at 207–08; *Clear Creek,* 589 S.W.2d at 675–676. The Texas Supreme Court in *Clear Creek* interpreted rule 166–A(c), revised in 1978, as an attempt to encourage greater utilization of summary judgments by placing more responsibility on the non-movant. 589 S.W.2d at 675–676.

The record indicates that appellees, in their motions and affidavits, contended that Dr. Mateo's diagnosis of appellant's biopsy occurred on January 5, 1983, and that he performed no further medical treatment. They pointed out that suit was not filed until August 30, 1985, two years and eight months from the date of his diagnosis, as shown on the citation of service attached to the motion, and argued that the suit was thus barred by the two-year statute of limitation set out in article 4590i.

■ We find that appellees thus established, as a matter of law, that appellant's suit was barred by limitations. Appellee did not have the burden "to establish as a matter of law that the plaintiff should have discovered" the wrong within the two-year limitation period, much less than "within two years prior to the date that she filed suit," as argued by appellant. Nor do we find that appellant expressly raised the fact issue that she could not have discovered the wrong when she learned that she had Hodgkins disease and brought suit within the two-year period, in order to raise the constitutionality of article 4590i as applied to her.

Appellant's main argument in her response, as well as in her brief, is that her suit is not barred by the statute of limitation because the "discovery rule" would require that the two-year period run from the date of discovery or the "earliest date she could have discovered," i.e., September 5, 1984, the date "the correct pathology report was made available to her physi-

cian." We have already found that the "discovery rule" was abolished by article 4590i, and that the two-year limitation period runs from the date of the tort as long as the plaintiff had a "reasonable opportunity to discover and bring suit" within the two-year period. *Morrison,* 699 S.W.2d at 207–08.

■ Issues not expressly presented to the trial court in a written answer or response to the motion for summary judgment shall not be considered on appeal as grounds for reversal. *Clear Creek,* 589 S.W.2d at 678.

Points of error one, two, three, four, five, and six are overruled.

■ Point of error seven argues that the limitation period should have been tolled because appellant raised a fact issue as to (1) fraud or constructive fraud, (2) a continuing tort or breach of contract, or (3) appellant's lack of knowledge of her cause of action.

In regards to appellant's contention of her lack of knowledge, actual knowledge is not required, only a reasonable opportunity to discover. *See, e.g., Nelson* 678 S.W.2d at 923. In regards to appellant's allegation of fraud or constructive fraud, the same analysis, applied by this Court in a similar situation regarding fraudulent concealment, would apply. In *Leeds v. Cooley,* 702 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), we held that "when the injured party relies on fraudulent concealment, that party has the burden of offering proof raising a fact issue of fraudulent concealment. That party must show that there was actual knowledge that a wrong occurred and that there was a fixed purpose to conceal the wrong." *Id.* Appellant offered no evidence that appellees had actual knowledge of the erroneous pathology report and that they concealed this information from appellant. The same analysis can be applied to the allegation of continuing tort or breach of contract. Without evidence that appellees knew of their misdiagnosis, no fact issue of a continuing tort or breach was raised.

Point of error seven is overruled.

Point of error eight alleges that a contractual basis for the suit was shown, and

that therefore the four-year limitation statute for a breach of contract cause of action should have governed. Tex.Bus. & Com. Code Ann. sec. 2.725(a) (Vernon 1968). Appellant argues that the fact that the pathology report was in writing and supported by consideration provided a contractual basis for a breach of contract and community suit.

We can find no argument or cases cited in support of her contention that section 2.725(a) of the Business and Commercial Code, which applies to contracts for sale, should apply. Having failed to brief this particular point of error, appellant has waived any allegation of error with respect to this point. *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 815 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (applying Tex.R.App.P. 74). Furthermore, we note that while appellant alleged in her response that a fact issue of a written contract exists, she failed to point to any evidence of such a contract. Point of error eight is overruled.

In point of error nine, appellant challenges the granting of the motion for summary judgment to Memorial Care Systems based on its plea of "no duty" or "no joint liability" for acts of Dr. Mateo. The order granting the motions for summary judgment for both appellees failed to state the grounds upon which it was granted. While it had to be based, at least in part, on the plea of limitation in order to apply to both appellees, it need not have been based on Memorial Care Systems' plea of "no duty." Having found no error in the granting of the summary judgment based on the applicable limitation period that barred any cause of action against both appellees, we need not address this point of error.

The judgment of the trial court is affirmed.

EVANS, C.J., is dissenting.

EVANS, Chief Justice, dissenting.

I disagree with the holding of the majority, because the appellant's summary judgment response sufficiently raised a genuine issue of material fact regarding the first date that appellant could have discovered the erroneous nature of the appellees' biopsy report.

Although the appellant's response did argue that the "so-called" discovery rule should be applied to her case, that was not the only issue submitted. As the majority opinion points out, the appellant directly challenged the constitutionality of article 4590i, and argued that it violated the open courts provision of the Texas Constitution, article I, section 3, and her right to equal protection and due process. Considered in its entirety, the response sufficiently alleged that the appellant did not discover, nor could have discovered, that the appellees' pathology report was erroneous until after the limitation period had expired.

The appellant also presented sufficient summary judgment proof to raise a genuine issue of fact on this issue. The appellant testified by deposition that she had not been aware of the erroneous nature of the first biopsy, and had no concern about its accuracy, until January 1985. It was then, when she read an article about a woman who had advanced uterine cancer because her doctor had misread the biopsy and failed to report it, that the appellant first began to worry about the accuracy of the appellees' report.

The appellant also testified that she did not have any definite information about the erroneous biopsy until March 1985, when she had the biopsy slide re-examined by another pathologist and learned conclusively of the appellees' erroneous reading. She testified that she had not decided whether to file suit until she talked to her current attorney in April 1985.

Although a factfinder might reasonably decide, as the majority evidently did, that the appellant could have discovered the erroneous diagnosis in September 1984, when she learned of the advanced stage of the disease, the summary judgment record does not compel that conclusion. A reasonable trier of fact could infer from the appellant's testimony, and the related circumstances, that the appellant could not have discovered the error before the time she did so.

In my opinion, the appellant's response and deposition testimony raised a genuine

issue of material fact precluding entry of a summary judgment in favor of the appellees. Because that issue is dispositive of the appeal, I do not comment on the other points discussed in the majority opinion.

I would reverse the trial court's judgment and remand the cause for further proceedings.

ON MOTION FOR REHEARING

DUNN, Justice.

In her motion for rehearing, appellant argues that the majority opinion ignores the factual and circumstantial evidence that she did not have a reasonable opportunity to discover and bring suit within the two-year limitation period.

Appellant points to evidence raising fact issues in her summary judgment proof, some of which was referred to by Chief Justice Evans in his dissenting opinion. However, these fact issues were not "expressly presented" in her response to the motion for summary judgment, as required by rule 166a(c).

A fact issue is not "expressly presented" by summary judgment proof filed in opposition to a motion for summary judgment, although such proof may state facts that would raise a fact issue, if the written response to the motion fails to point out the fact issue raised by the appellant. *Holmes v. Dallas Int'l Bank*, 718 S.W.2d 59, 60 (Tex.App.—Dallas 1986, writ ref'd. n.r.e.); *Cottrell v. Carrillon Assoc., Ltd.*, 646 S.W. 2d 491, 493 (Tex.App.—Houston [1st Dist.] 1982, no writ). Under authorities interpreting the amended rule 166a(c), "it is no longer the duty of the trial court or appellate court to sift the summary judgment record to see if there are fact issues that could be raised by the opposing party but were not." *Holmes*, 718 S.W.2d at 60.

Appellant's motion for rehearing is denied.

EVANS, C.J., is dissenting.