**Donna Marie HELLMAN, Petitioner,**

v.

**Luis E. MATEO, M.D. et al.,
Respondent.**

No. C–7784.

Supreme Court of Texas.

April 26, 1989.

Rehearing Denied July 12, 1989.

John H. Holloway, Houston, for petitioner.

Dan Ryan, and Dion C. Raymos, Ryan & Smith, Claude M. McQuarrie III, and Madelyn DeWoody, Fulbright & Jaworski, Houston, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

Donna Marie Hellman appeals from a take-nothing summary judgment rendered in a medical malpractice suit brought against Dr. Luis Mateo. The trial court granted Mateo's motion for summary judgment based upon the two-year statute of limitations found in article 4590i of the Texas Medical Liability Insurance Improvement Act ("the Act"). Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.01 (Vernon 1987). The court of appeals affirmed, holding that Dr. Mateo established, as a matter of law, that Hellman's suit was barred by limitations. 751 S.W.2d 623. A majority of this court reverses the judgments of the lower courts and remands the cause for trial on the merits.

In January of 1983, Hellman was admitted to Memorial Hospital Southwest for removal and biopsy of a lymph node from her neck. Dr. Mateo's firm was under contract with the hospital, and he prepared the pathology report for Hellman's physician. The written pathology report, diagnosing the lymph node as benign, was placed in Hellman's file on January 10, 1983.

On August 24, 1984, Hellman was hospitalized for removal and biopsy of another lymph node, in the same area of her neck. This lymph node was reported as showing Hodgkin's disease. On September 4, 1984, it was discovered that the disease, which had first appeared to be in its early stage, was in a more advanced stage with more serious repercussions.

In January of 1985, Hellman contacted a lawyer to inquire about the possibility of bringing a medical negligence claim. In April 1985 Hellman's attorney referred her to present counsel, who on August 30, 1985, filed this medical malpractice suit, also alleging breach of contract and breach of warranty causes of action.

Prior to trial, Dr. Mateo filed a motion for summary judgment on the basis that Hellman's cause of action was barred by limitations under article 4590i, section 10.01, of the Act. Summary judgment was rendered sustaining the defendant's plea in bar. The court of appeals affirmed.

The record indicates that Dr. Mateo's diagnosis of Hellman's biopsy occurred on January 5, 1983, and that he performed no further medical treatment. Since suit was not filed until August 30, 1985, the court of appeals held that Dr. Mateo had established, as a matter of law, that Hellman's suit was barred by limitations. 751 S.W.2d at 626. After reviewing the record, the court of appeals held that Hellman did not preserve error on the unconstitutionality of applying the absolute two-year statute of limitations under the facts of this case. On this point, the court adopted the following language:

[W]e [do not] find that appellant [Hellman] expressly raised the fact issue that she could not have discovered the wrong when she learned that she had Hodgkins disease and brought suit within the two

year period, in order to raise the constitutionality of article 4590i as applied to her. *Id.* We disagree.

In order to challenge the constitutionality of article 4590i, as applied to her, Hellman must allege that application of the two year limitation statute cut off her cause of action before she knew or should have known that a cause of action existed. *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983). *See Nelson v. Krusen,* 678 S.W.2d 918 (Tex.1984). In reviewing the record, we note that Hellman's response to Dr. Mateo's summary judgment motion specifically alleges that the defendants' motions do not negate the lack of a fact issue as to whether the plaintiff knew or should have known of her cause of action within the limitations period. Review of those portions of Hellman's deposition that were attached to her response as summary judgment proof, leads to the conclusion that Hellman expressly presented a fact issue concerning whether she knew or reasonably should have known of Dr. Mateo's alleged misdiagnosis within two years of its occurrence. These allegations and summary judgment proof sufficiently preserved Hellman's right to challenge the constitutionality of article 4590i, as applied to her.

Having determined that Hellman alleged and expressly presented the facts necessary to challenge the constitutionality of article 4590i, we must now consider whether Dr. Mateo carried his burden of establishing his limitations defense as a matter of law. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). In other words, Dr. Mateo must conclusively establish that there is no genuine issue of material fact concerning the time when Hellman discovered or should have discovered the nature of the injury and cause of action. *Conerly v. Morris,* 575 S.W.2d 633 (Tex. Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.)

On an appeal from a summary judgment, we must take as true the uncontroverted evidence of the non-movants. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). Hellman's deposition testimony states that she did not have any cause for concern about the accuracy of Dr. Mateo's biopsy report until January 1985. Moreover, Hellman did not obtain conclusive information about Dr. Mateo's error in reading the slide until March 1985. Other than his contention that Hellman could have discovered the erroneous diagnosis in September 1984 when she learned of the advanced stage of the disease, Dr. Mateo failed to offer any proof concerning when Hellman discovered or should have discovered her cause of action. Therefore, we hold that a question of fact exists concerning whether Hellman knew or should have known of Dr. Mateo's misdiagnosis on or before January 10, 1985.

Since Dr. Mateo did not meet his burden, he was not entitled to summary judgment. The decision of the court of appeals conflicts with our cases, cited above, interpreting Rule 166a. Therefore, Hellman's motion for rehearing is granted. Pursuant to Rule 133(b), a majority of this court withdraws its order of March 8, 1989 denying the application for writ of error, and hereby grants Hellman's motion for rehearing, and, without hearing oral argument, reverses the judgments of the courts below. This cause is remanded to the district court for trial on the merits.