**Philip L. STOTTER, Appellant,**

v.

**Rebecca Elizabeth WINGO, Executrix of the Estate of James E. Wingo, D.D.S., Appellee.**

No. 04–89–00487–CV.

Court of Appeals of Texas, San Antonio.

June 20, 1990.

Rehearing Denied July 26, 1990.

Hugh E. Sabel, J. Walter Park, IV, Davis & Turlington, San Antonio, for appellant.

Casey Dobson, Elizabeth A. Masters, Scott, Douglass & Luton, Austin, for appellee.

Before BUTTS, CHAPA and STEPHENS,[1] JJ.

## OPINION

STEPHENS, Justice (Retired).

In four points of error, Philip L. Stotter seeks to overturn a summary judgment denying him recovery in his medical malpractice suit against James E. Wingo, D.D.S. First, Stotter contends that the summary judgment evidence failed to establish as a matter of law that Stotter's cause of action was time-barred under the provisions of TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990). Next he argues that a fact issue exists as to whether Stotter had a reasonable opportunity to discover the cause and nature of his injury within the time limitations of TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990). His third argument complains of the summary judgment because, as applied to the facts in this case, the time limitations of article 4590i violate the Open Courts Provision of the Texas Constitution, TEX. CONST. art. I, § 13. Finally, he contends that a fact issue exists as to whether Dr. Wingo's fraudulent concealment prevented Stotter from discovering, within the time limitations of article 4590i, the relationship between Dr. Wingo's (Mis)-treatment of Stotter, and the subsequent periodontal disease discovered.

We agree with Stotter that Dr. Wingo's summary judgment proof failed to establish as a matter of law that Stotter's cause of action was barred under the provisions of TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990) because a fact issue exists as to whether he knew or reasonably should have known of his cause of action within the limitation of time provided by article 4590i, and, accordingly we reverse the judgment of the trial court and remand the cause for trial.

## FACTS

Philip L. Stotter, an assistant professor of chemistry at the University of Texas at San Antonio, was treated for general dental hygiene by Dr. Wingo between November 1969 and March 1983. Dr. Wingo's offices were, at all times prior to the dentist's death[2], situated in Austin, Texas, where Stotter resided until Stotter was transferred from the University of Texas, Austin, to the University of Texas, San Antonio, in September 1975. After moving to San Antonio, Stotter continued to seek dental treatment from Dr. Wingo. In April 1983, Dr. Wingo suggested that Stotter see a dentist in San Antonio. Stotter engaged the services of Dr. Meador, a specialist in gum diseases, who immediately diagnosed his condition as severe periodontal disease. Stotter's last office visit with Dr. Wingo was in May 1981. From May 1981 until March 1983, Stotter consulted Dr. Wingo ten to twelve times by telephone. During this period of time no x-rays or visual examinations were made by Dr. Wingo. Sometime in 1986, Stotter learned of the advisability of obtaining his old x-rays from Dr. Wingo. After the x-rays and charts were received from Dr. Wingo, Drs. Han-

---

1. The Honorable Bill J. Stephens, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1988).

2. Dr. Wingo died prior to the conclusion of the trial court proceedings. Rebecca Elizabeth Wingo, as executrix of Dr. Wingo's estate, was substituted as the defendant. The defendant will, however, be referred to as Dr. Wingo.

son, Meador, and Weintraub reviewed them in the summer of 1986, and according to Stotter's affidavit, informed him that his x-rays "demonstrate a burst of severe periodontal bone loss, recognizable at least seven years before I ended my professional relationship with Dr. Wingo."

Dr. Meador, by his affidavit, stated:

As a new patient in 1983, Mr. Stotter appeared largely ignorant of his condition and its implications.... As early as summer, 1983, he was also inquisitive about the possible origins and most likely progression of his disease.... Before my review of these x-rays [obtained in the summer of 1986] ... I could not, and consequently did not, make Mr. Stotter aware that his periodontal condition demonstrably existed while he was under Dr. Wingo's care.... Mr. Stotter's condition could have been detected by a dental professional during the course of normal dental care at least five (5) to seven (7) years prior to its diagnosis in 1983, and specific treatment should have commenced at that time to control the disease before irreparable damage occurred.

Dr. Hanson, by way of affidavit, made the following observations:

In June, 1986, Mr. Stotter arranged for me to receive a complete set of the available dental x-rays taken by Dr. James E. Wingo from 1969 through 1981. I discussed the results of my evaluation with Mr. Stotter at that time.... I believe, based on the atypical periodontal disease from which Mr. Stotter suffers and the prior consultation given him by Drs. Meador and Weintraub, that my advice was the first point in time at which Mr. Stotter knew or could have known of the negligent treatment he had received from Dr. Wingo.

## OPINION

Point of error number three asserts that the time limitations of TEX.REV.CIV. STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990), as applied to the facts of this case, violate the "Open Courts" provision of the Texas Constitution, TEX. CONST. art. I, § 13.

To successfully challenge TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990) as unconstitutional, Stotter must allege that the application of the two year statute of limitations cut off his cause of action before he knew, or reasonably should have known, that a cause of action existed. *Hellman v. Mateo*, 772 S.W.2d 64, 66 (Tex.1989). Generally, under article 4590i, section 10.01, limitations commence to run from the date of treatment when the precise date of the tort is not ascertainable. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987). Dr. Wingo argues that the legislature intended by this act to impose an absolute two year limitations period in medical malpractice cases (*see Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985)) and that Stotter's affidavit shows that his treatment by Dr. Wingo ended in March 1983. We agree with Dr. Wingo, as to this general statement; however, the Supreme Court of Texas, in *Hellman v. Mateo*, 772 S.W.2d 64 (Tex.1989), held that when it is alleged and shown that the two year statute of limitations cuts off a person's cause of action before the person knows or reasonably should have known that the cause of action existed, the absolute two year limitation is unconstitutional as applied in that situation. *Id.* at 66.

In *Hellman v. Mateo*, the supreme court made it clear that to successfully challenge the constitutionality of article 4590i, as applied to a particular set of facts, the person must both allege and prove that the application of the two year limitations period cut off that person's cause of action before the person knew or should have known that a cause of action existed. *Id.* at 66; *see Sax v. Votteler*, 648 S.W.2d 661, 666–67 (Tex. 1983). In that case, Hellman's response to Dr. Mateo's summary judgment motion specifically alleged that Dr. Mateo's motion did not negate the lack of a fact issue as to whether Hellman knew or should have known of her cause of action within the limitations period. The court held that a review of Hellman's summary judgment allegations and proof led to the conclusion that she expressly presented a fact issue

concerning whether she knew or reasonably should have known of Dr. Mateo's alleged misdiagnosis within two years of its occurrence. Those allegations sufficiently preserved Hellman's right to challenge the constitutionality of article 4590i, as applied to her. *Hellman v. Mateo*, 772 S.W.2d at 66.

■ In the present case, we are confronted with very similar judgment, pleadings, and proof. Stotter's answer in opposition to Dr. Wingo's motion for summary judgment alleged:

> This cause of action is not barred by the statute of limitations as a matter of law in that there exists a question of fact as to whether the Plaintiff knew or should have known his periodontitis existed at the time he was being treated by the Defendant and that the resulting injury he sustain [sic] was due to Defendant's negligence.

Following the guidelines set out in *Hellman v. Mateo*, we hold that this allegation was sufficient to preserve Stotter's right to challenge the constitutionality of article 4590i.

■ On appeal from a summary judgment, we must take as true the uncontroverted evidence of the non-movant. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). Stotter supported his allegations with his own affidavit which stated that Dr. Wingo had never informed him that he suffered from periodontal disease which required the treatment of a specialist, and never recommended such treatment. He further stated that during the summer of 1986, after acquiring his old x-rays from Dr. Wingo, he was first informed that the x-rays "demonstrate[d] a burst of severe periodontal bone loss, recognizable at least seven years before I ended my professional relationship with Dr. Wingo. This was the first time I recognized Dr. Wingo's failure to diagnose and treat my longstanding severe periodontal condition."

Additionally, Dr. Meador, by his affidavit, stated that:

> As a new patient in 1983, Mr. Stotter appeared largely ignorant of his condition and its implications.... As early as

summer, 1983, he was also inquisitive about the possible origins and most likely progression of his disease.... Before my review of these x-rays [obtained in the summer of 1986] ... I could not, and consequently did not, make Mr. Stotter aware that his periodontal condition demonstrably existed while he was under Dr. Wingo's care.... Mr. Stotter's condition could have been detected by a dental professional during the course of normal dental care at least five (5) to seven (7) years prior to its diagnosis in 1983, and specific treatment should have commenced at that time to control the disease before irreparable damage occurred.

Dr. Hanson's affidavit stated that:

In June, 1986, Mr. Stotter arranged for me to receive a complete set of the available dental x-rays taken by Dr. James E. Wingo from 1969 through 1981. I discussed the results of my evaluation with Mr. Stotter at that time and recommended he have his other dental specialist examine the x-rays to confirm my observations.

I believe, based on the atypical periodontal disease from which Mr. Stotter suffers and the prior consultation given him by Drs. Meador and Weintraub, that my advice was the first point in time at which Mr. Stotter knew or could have known of the negligent treatment he had received from Dr. Wingo.

For Dr. Wingo to have prevailed in his summary judgment he had to conclusively establish by proper summary judgment evidence that there existed no genuine issue of material fact concerning the time when Stotter discovered or should have discovered the nature of his injury and cause of action. *Conerly v. Morris*, 575 S.W.2d 633, 636 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). This he failed to do.

We hold, in accordance with *Hellman v. Mateo*, that the summary judgment pleadings of Stotter preserved his contentions that, as applied to him under the facts of this case, the limitations period provided in article 4590i is unconstitutional, and that the uncontroverted summary judgment

proof offered by Stotter created a genuine issue of the material fact as to whether or not he knew or reasonably could have known of his cause of action prior to the expiration of the two year statute of limitations.

The judgment of the trial court is reversed and the cause is remanded for trial.