James F. HOOTEN, Appellant,

v.

Dr. Loren FLECKENSTEIN, Appellee.

No. 12–91–00180–CV.

Court of Appeals of Texas,
Tyler.

July 31, 1992.

Snow E. Bush, Jr., Longview, for appellant.

Don Kent, Tyler, for appellee.

BILL BLASS, Justice.

This is a medical malpractice case in which the trial court granted the Appellee's motion for summary judgment. We believe the trial court was correct in granting the motion for summary judgment on the basis that Appellant's cause of action is barred by limitations. Accordingly, we affirm its judgment.

The Appellant, James Hooten, was injured in an automobile accident. He was treated by the Appellee, Dr. Loren Fleckenstein, who was the emergency room physician at the time at Memorial Hospital in Nacogdoches. The treatments began on September 14, 1986 and continued until Hooten was released from the hospital on September 17, 1986. The treatments were related to head injuries that Hooten suffered. No other visits or contacts were made between Hooten and Fleckenstein.

Within weeks after he was discharged from the hospital, Hooten went to see another physician concerning problems with his right arm. The diagnosis was that Hooten had suffered a fractured right elbow and would require surgery. More than two years later, while going through rehabilitation for an unrelated injury, Hooten was told that he had suffered loss of mobility in his right elbow due to the failure of the treating physician, Dr. Fleckenstein, to diagnose properly his broken elbow during the hospital stay in September of 1986. Hooten filed suit against Dr.

Fleckenstein on July 12, 1989 alleging medical malpractice.

Fleckenstein filed his motion for summary judgment, claiming his right to judgment on two grounds: 1) Hooten's claims were barred by the two-year statute of limitations; and 2) there was no breach of standard care nor causation as to Dr. Fleckenstein. The trial court granted Fleckenstein's motion for summary judgment, from which Hooten now appeals.

With regard to the statute of limitations, the following dates are relevant to our review:

> September 14, 1986 James Hooten admitted into hospital; treatment by Dr. Fleckenstein commences.
>
> September 17, 1986 James Hooten is discharged from the hospital and is seen for the last time by Dr. Fleckenstein.
>
> October 7, 1986 James Hooten learns that his right arm is fractured.
>
> Early 1989 James Hooten is advised that he has suffered loss of mobility in his arm due to the failure of Dr. Fleckenstein to diagnose fracture.
>
> July 12, 1989 James Hooten files suit against Dr. Fleckenstein for medical malpractice.

The MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT states that:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed....

TEX.REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon Supp.1991).

A strict application of the law to these facts would bar a law suit by Hooten against Fleckenstein since the law suit was filed more than two years after the occurrence of each of the three events listed in the statute of limitations. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). It is apparent, however, that Hooten challenges the constitutionality of the two-year statute of limitations as applied to him, under the "open courts" provision of the Texas Constitution. TEX.CONST. art. I, § 13; *See Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex.1989).

In *Nelson v. Krusen,* the supreme court held that the statute of limitations in article 5.82, section 4 of the TEXAS INSURANCE CODE (repealed), predecessor to the MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT, was unconstitutional to the extent that it purports to "cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit." *Nelson,* 678 S.W.2d 918, 923 (Tex.1984). Also, in *Neagle v. Nelson,* the supreme court found that article 4590i, section 10.01, as applied to the plaintiff's cause of action, violated the open courts provision because it was not possible for the plaintiff to discover his injury within the two-year statute of limitations period. *Neagle,* 685 S.W.2d 11, 12 (Tex.1985). Our analysis, then, must be focused on whether Dr. Fleckenstein conclusively established that there was no genuine issue of material fact concerning the time when Hooten discovered or should have discovered the nature of the injury and cause of action. *Hellman,* 772 S.W.2d at 66.

■ On appeal from a summary judgment, we must take as true the uncontroverted evidence of the non-movant. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). In his affidavit, Hooten asserted that he had made complaints to Dr. Fleckenstein of pain in his right elbow while in the hospital. He was advised that there was no problem with his elbow, and no tests or treatments were given. Neither hospital personnel nor the doctor diagnosed his elbow as being broken. Following his discharge, several days later, he was seen by another doctor in Nacogdoches and was advised at that time of the fracture to his right elbow. Treatment was prescribed, but it had no significant effect. Although portions of Hooten's affidavit were disputed by Dr. Fleckenstein, it is uncontroverted that Hooten learned of his broken elbow within weeks after he was treated by the doctor. It was at this point that Hoo-

ten became aware that Dr. Fleckenstein had failed to diagnose his fractured elbow.

Hooten may not have known of the precise extent of the consequences of the alleged failure to diagnose the fracture until after the two-year limitations period had run. Nevertheless, the date *when the fact of injury is known* is the pivotal date for purposes of limitations challenges under the open courts provision. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 357 (Tex. 1990). Hooten knew within weeks of his discharge that the doctor had breached the required standard of care resulting in injuries. This was well within the two-year statute of limitations under the Medical Liability and Insurance Improvement Act. Hooten had a reasonable opportunity to discover the wrong and bring suit. *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984). Consequently, we conclude that summary judgment was proper since there was no genuine issue of material fact concerning the time when Hooten discovered the nature of the injury.

We affirm the trial court's judgment.