Margaret BRADLEY, Troy Edward Bradley, Paula Mae McCullough, and Judy Evyonne Burnett, Appellants,

v.

John BURNETT, D.O., Arthur Cording, D.O., Charles Mitchell, M.D., East Town Osteopathic Hospital, Appellees.

No. 05–84–00453–CV.

Court of Appeals of Texas, Dallas.

Jan. 14, 1985.

Rehearing Denied Feb. 21, 1985.

Randall A. Blake, Dallas, Dennis R. Croman, Irving, for appellants.

R. Michael McCauley, Cowles, Sorrells, Patterson & Thompson, Mark A. Stinnett, Cowles, Sorrells, Patterson & Thompson, Eugene W. Brees, II, Thompson & Knight, Dallas, Fred E. Davis, Davis & Davis, Austin, Thomas L. Kelly, Jr., Patterson, Lamberty, Kelly & Stanford, Dallas, for appellees.

Before STEPHENS, ALLEN and GUILLOT, JJ.

ALLEN, Justice.

Margaret Bradley, Troy Edward Bradley, Paula Mae McCullough and Judy Evyonne Burnett, appellants, appeal from a partial summary judgment which dismissed their wrongful death suit against John Burnett, D.O., Arthur Cording, D.O., Charles Mitchell, M.D., and East Town Osteopathic Hospital, appellees, on the ground that the claim was barred by the two-year statute of limitations provision provided in the Medical Liability and Insurance Improvement Act. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1984). Appellants present five points of error on appeal. We agree with appellant's first point, that the trial court erred in granting summary judgment because the claim was not barred by the statute of limitations in article 4590i, and therefore, it is unnecessary for us to consider the other points of error. We reverse the partial summary judgment.

On April 12, 1982, Margaret Bradley as Independent Executrix of the Estate of Troy Bradley, deceased, initiated a survivor's suit against three doctors and an osteopathic hospital as a result of the medical treatment received by Troy Bradley. Bradley filed her first and second amended petitions on June 15, 1982 and July 1, 1983 respectively, asserting the same cause of action, but including the children of Troy Bradley as party plaintiffs. A third amended petition was filed on October 14, 1983 including the initial cause of action and in addition seeking damages for the wrongful death of Troy Bradley pursuant to TEX.REV.CIV.STAT.ANN. art. 4671, *et seq* (Vernon 1940), all claims being based on the same transactions and occurrences that formed the basis of the claim alleged in the original petition filed April 12, 1982.

Troy Bradley had his last treatment with at least one of the appellees in July, 1980 and he died in February of 1982. Thus, the third amended petition, alleging wrongful death, was filed over two years after Bradley was last medically treated by the appellees.

Appellees filed a motion for partial summary judgment as to the wrongful death claim maintaining that the statute of limitations for wrongful death actions, arising from medical health care treatment, must be filed within two years from the last date of treatment and not from the date of the decedent's death. To support their contention, appellants argue that the wrongful death statute of limitations was superseded by the following Medical Liability and Insurance Improvement Act:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical health care treatment that is the subject of the claim is completed.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1984).

The trial court granted the motion for partial summary judgment ruling that as a matter of law the third amended petition was filed more than two years after appellees last treated Troy Bradley, and therefore, the wrongful death claim was barred by the 4590i statute of limitations. Thereafter, the trial court granted the appellees motion to dismiss the survivor's suit for want of jurisdiction. The survivor's suit was then refiled in the probate court.

The appellants contend that April 12, 1982, the date appellant's original petition was filed in this cause, is the controlling date for determining any statute of limitations claim. Further, appellants contend that any amendment of pleadings in the cause alleging a new cause of action, which arose out of the same transaction or occurrence as that alleged in the original petition, including an action for wrongful death, should relate back to the date of the original filing in determining any statute of limitations claim. In support of their position, appellants rely on TEX.REV.CIV. STAT.ANN. art. 5539b (Vernon 1958) which states:

> Whenever any pleading is filed by any party to a suit embracing any cause of action ... and at the time of filing such pleading such cause of action ... is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction or occurrence.

We agree that article 5539b governs limitations in the instant case. A new suit will not be barred by limitations merely because it is different from the cause of action originally and timely pled, unless the new cause of action is wholly based upon and grows out of a new, distinct or different transaction and occurrence than that relied on in the original cause of action. *Leonard v. Texaco, Inc.*, 422 S.W.2d 160

(Tex.1967); *Providence Hospital v. Truly*, 611 S.W.2d 127 (Tex.Civ.App.–Waco 1980, writ dism'd). We hold that the wrongful death action alleged in this cause allegedly arose out of the same transaction or occurrence as the survivors' suit. Thus, by virtue of article 5539b, the wrongful death action relates back to on the date the survivors' suit was filed, April 12, 1982, for purposes of computing any statute of limitations. We hold that appellant's cause of action for wrongful death was not barred by any statute of limitations.

Further, we have reconsidered our ruling denying appellant's motion to file a supplemental brief, and accordingly, grant leave to consider appellant's additional point of error which urges that the trial court erred in dismissing the survivors' suit for want of jurisdiction. Based on the recent holding of the Texas Supreme Court in *Seay v. Hall*, 677 S.W.2d 19 (1984), we conclude that the trial court erred in dismissing appellants' survival action as being outside the jurisdiction of the district court. We, therefore, reverse the order of the trial court dismissing appellants' survival action for want of jurisdiction. We hold that jurisdiction of appellants' survival action properly lies in the District Court. Reversed and

Remanded.