Betty Parr RUSSELL (Individually and as Independent Executrix of the Estate of Donnon O'Neal Russell), Norma Lynn Coker, Gail Lee Harrah, Jeannie Marie Bourgoin, and Dennis O'Neal Russell, Appellants,

v.

INGERSOLL–RAND COMPANY, McKenzie Equipment Company, Schramm, Inc., Cooper Industries, Inc., Joy Manufacturing Company, IC Group, Inc., and Sullair Corporation, Appellees.

No. 01–89–00397–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 2, 1990.

Rehearing Denied Sept. 13, 1990.

Michael Y. Saunders, John W. Tavormina, Houston, for appellants.

Max E. Roesch, Thomas B. Taylor, Edward J. Mahr, Robert F. Mahr, & William S. Rhea IV, Houston, for appellees.

Before SAM BASS, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment entered against plaintiffs. The trial court found that plaintiffs' survival and wrongful death suits, filed three months after the deceased's death, were barred by statutes of limitations. We affirm.

Plaintiffs are Betty Parr Russell (individually and as independent executrix of the estate of Donnon O'Neal Russell), Norma Lynn Coker, Gail Lee Harrah, Jeannie Ma-

rie Bourgoin, and Dennis O'Neal Russell. We refer to them as plaintiffs.

Defendants in this appeal are Ingersoll–Rand Company, McKenzie Equipment Company, Schramm, Inc., Cooper Industries, Inc., Joy Manufacturing Company, IC Group, Inc., and Sullair Corporation. When necessary to distinguish them from other defendants in the trial below, we refer to them collectively as the "Ingersoll–Rand defendants."

Donnon Russell worked as a sandblaster and painter for about 19 years. In 1981, Mr. Russell discovered he had silicosis, a lung disease, and that he probably developed it from working as a sandblaster. In December 1982, he filed suit against several corporations that manufactured or distributed the products his employer used in sandblasting. Mr. Russell did not sue the Ingersoll–Rand defendants. Mr. Russell died in January 1988.

In March 1988, Betty Parr Russell, individually and as executrix of her husband's estate, filed a fourth amended original petition. In that petition, she added survival and wrongful death causes of action, additional plaintiffs, and the Ingersoll–Rand defendants.

## I. Standard of review

When the Ingersoll–Rand defendants moved for summary judgment, they were required to prove conclusively all the essential elements of their defenses, leaving no unresolved fact issues. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984); *DeLuca v. Munzel*, 673 S.W.2d 373, 375 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). In deciding whether there was a material fact issue in dispute, the trial court was required to consider all evidence that favored the plaintiffs as true. *Montgomery*, 669 S.W.2d at 310–11. In this analysis, the court was required to indulge every inference it could reasonably draw from the evidence for the plaintiffs. *Id.* All doubts had to be resolved in their favor. *Id.*

By moving for summary judgment on grounds of limitations, the Ingersoll–Rand defendants assumed the burden of show-ing, as a matter of law, that the suit was barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

## II. The statute of limitations

In points one through five and point eight, plaintiffs argue that the Ingersoll–Rand defendants did not show, as a matter of law, that plaintiffs did not sue them within the limitations period.

The issue presented in this case is: When do the statutes of limitations begin to run on survival and wrongful death suits? Plaintiffs contend the death of Mr. Russell revived the causes of action against the Ingersoll–Rand defendants, even though limitations had run against Mr. Russell. The Ingersoll–Rand defendants claim that if it was too late for Mr. Russell to sue them, it was too late for Mr. Russell's estate and his statutory heirs to sue them.

Until fairly recent times, the right of action for personal injuries did not survive the death of the injured person. 4 F. Harper, F. James & O. Gray, *The Law of Torts* § 24.1 (2d ed. 1986) (hereinafter Harper). Actions that survived the death of the victim were created by legislation; they were not part of the common law. *See Moreno v. Sterling Drug Co.*, 787 S.W.2d 348, 356 (Tex.1990).

The Texas scheme for death actions includes a survival cause of action and a wrongful death cause of action. *Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex.1963). The difference between the two actions lies in the beneficiaries and the damages. *Id.;* Harper § 24.1. A survival action is brought by the decedent's estate to redress the decedent's own injuries. *Landers*, 369 S.W.2d at 35; Tex.Civ.Prac. & Rem.Code Ann. § 71.021 (Vernon 1986). A wrongful death action is brought by the statutory beneficiaries to compensate them for their loss of future care, maintenance, and support. *Landers*, 369 S.W.2d at 35; Tex.Civ.Prac. & Rem.Code Ann. § 71.004 (Vernon 1986); Harper § 24.1.

Plaintiffs contend subsection (b) of section 16.003, entitled "Two–Year Limitations Period," controls the statutes of limitation

in both survival and wrongful death suits. That subsection states:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action *accrues on the death of the injured person.*

TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986) (emphasis added).

Plaintiffs argue that the plain language of section 16.003(b) says the limitations period begins to run when the cause of action accrues—upon the death of the injured person. They maintain, therefore, that they filed the survival action (and the wrongful death suit) within the limitations period (three months after Mr. Russell died).

The Ingersoll–Rand defendants say that plaintiffs' suits are derivative of Mr. Russell's injury. Mr. Russell discovered his injury in 1981, and died in 1988. If we assume Mr. Russell had a four-year limitations period in which to sue those defendants,[1] it expired sometime in 1985. At the time of his death, therefore, Mr. Russell could not have sued the Ingersoll–Rand defendants. Defendants claim that the same statutes of limitations that could have been asserted against Mr. Russell can be asserted against his estate and beneficiaries. If he could not file a suit against them at the time of his death, his estate and survivors are also barred from filing suit.

Plaintiffs contend we should resolve the issues by looking to chapter 16 in the Civil Practice and Remedies Code. Defendants argue that plaintiffs rely on the wrong statute. Instead of chapter 16 of the Civil Practice and Remedies Code, defendants contend we should look to chapter 71, which states in part:

This subchapter applies only if the individual injured would have been entitled to bring an action for the injury *if he had lived.*

TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986) (emphasis added).

The problem confronting this Court is how to harmonize sections 16.003(b) and 71.003(a) of the Civil Practice and Remedies Code, and how these sections affect both survival and wrongful death causes of action. Although the parties argue the two as one, we will discuss them separately.

### A. The survival action

■ Recall that the purpose of the Texas Survival Act is to continue the decedent's cause of action beyond his death to redress decedent's estate for decedent's injuries. *Landers,* 369 S.W.2d at 35; *see also Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981); TEX.CIV.PRAC. & REM. CODE ANN. § 71.021. Subchapter B of chapter 71 defines the survival action. Section 71.021, entitled "Survival of Cause of Action," states:

(a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person....

TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986). The intent of the section is to abrogate the common law rule that the death of the party extinguished the cause of action.

Plaintiffs argue that *Bradley v. Etessam,* 703 S.W.2d 237, 239 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), supports their position that the statute of limitations did not expire on the survival suit even though it expired on decedent's own suit. In *Etessam,* the wife and husband filed a malpractice action in December 1981, alleging that the doctor misdiagnosed the wife's breast cancer in February, 1980. The wife died in April 1982.[2] In February 1983, the husband amended the petition, adding wrongful death and survival actions. *Id.* The trial court granted a partial summary judgment for the doctor on the ground that the

---

1. In the last amended pleading, plaintiffs alleged causes of action against the Ingersoll–Rand defendants for: strict liability (two-year statute), negligence (two-year statute of limitation), misrepresentation (two-year statute), and breach of warranty (four-year statute).

2. The malpractice action was governed by a two-year statute of limitation, as set out in TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon 1985).

statute of limitations ran against the wrongful death action, and severed it from the survival action. On appeal, the Dallas Court of Appeals reversed, holding that the wrongful death cause of action related back to the original suit filed by the decedent. *Id.* Although the statute of limitations for the survival action was not an issue in the case, the case stands for the proposition that the survival suit was timely filed.

Plaintiffs also cite *Bradley v. Burnett*, 687 S.W.2d 53, 54–55 (Tex.App.—Dallas 1985, no writ). In *Burnett*, the widow filed a survivor's suit in April 1982, alleging the doctor's last treatment of the decedent was in July 1980. The decedent died in February 1982. In October 1983, she amended the petition, adding a wrongful death claim. The Dallas Court of Appeals held that the wrongful death suit grew out of the same transaction as the survival suit; thus, the 1983 amendment adding a wrongful death claim was not barred by limitations. Although the statute of limitations for the survival action was not an issue in the case, the case stands for the proposition that the survival suit was timely filed.

We agree with both cases. In *Etessam*, the wife filed suit against the defendant for her injuries within the time limits for her personal injuries. According to section 71.021(a), her death did not abate the cause of action for her personal injuries. Within two years of her death, her husband added a survival action. According to subsection (b) of section 16.003, he had two years following her death to file the survival suit.

In *Burnett*, the widow filed suit against the defendant for decedent's injuries within the time limits for decedent's own suit. According to section 71.021(a), the decedent's death did not abate the cause of action for his personal injuries. According to subsection (b) of section 16.003, the widow had two years following her husband's death to file the survival suit.

In both cases, the suit (whether the original or the survival suit) was filed within two years of the decedent's last treatment. Because the statute had not run against the decedent's suit, it did not run against the survivor's suit.

■ Here, the statute had run against the decedent's suit against the Ingersoll–Rand defendants before plaintiffs filed their survival suit against them. We hold that a survival cause of action is purely derivative, and the Ingersoll–Rand defendants had a limitations defense against the plaintiffs. It would be strange, indeed, to hold otherwise: If Mr. Russell was not interested in suing the Ingersoll–Rand defendants during his lifetime, there is no reason his estate should be able to revive the cause of action after limitations to collect compensation for Mr. Russell's injuries.

We recognize that in *Moreno*, the supreme court made the statement:

Article 3202 [3] was meant solely to prevent the potential anomaly of limitations running *before* death.

787 S.W.2d at 352 (emphasis in original). Our holding seems to conflict with this quote from *Moreno*. The decision in *Moreno*, however, was in answer to two narrow questions presented by certified question from the United States Court of Appeals for the Fifth Circuit, and did not address the problem we address. The supreme court emphasized in its opinion that it was only answering the issues presented on certified questions. 787 S.W.2d at 349.

Our holding is in harmony with policy statements from the *Moreno* case. The court observed in *Moreno* that the primary purpose of statutes of limitation is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available. 787 S.W.2d at 351. We do not think that the death of a person, seven years after discovery of the injury and the cause of the injury, should revive a cause of action for his estate for his personal damages. If decedent did not choose to sue the Ingersoll–Rand defendants during his lifetime, his estate should not be able to revive the suit after his death.

**3.** The predecessor to Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986).

Our opinion today is also in harmony with all the decisions from the courts of appeals that have addressed the question. Based on the case law from the courts of appeals, we have no authority to reach any other conclusion than we reach today. If the courts of appeals have misunderstood the legislature or the Supreme Court, it is for them to correct us. We overrule plaintiffs' points of error about the survival action.

### B. The wrongful death action

■ Recall that the purpose of the Texas Wrongful Death Act is to compensate decedent's beneficiaries for their loss of future care, maintenance, and support. *Castillo v. Hidalgo County Water Dist. No. 1*, 771 S.W.2d 633, 635 (Tex.App.—Corpus Christi 1989, no writ); TEX.CIV.PRAC. & REM.CODE ANN. § 71.004 (Vernon 1986). Subchapter A of chapter 71 defines the cause of action for wrongful death. The relevant sections provide:

Section 71.002:

(a) An action for actual damages arising from an injury that causes an individual's death may be brought if liability exists under this section.

(b) A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default.

Section 71.003:

(a) This subchapter applies only if the individual injured would have been entitled to bring an action for the injury *if he had lived.*

Section 71.004:

(a) An action to recover damages as provided in this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.

(Emphasis added.) Defendants contend the phrase "if he had lived" renders the action derivative. Plaintiffs contend the same phrase merely requires an actionable tort for a recovery.

The parties' interpretations reflect the two lines of authority on whether a wrongful death action is genuinely derivative, or whether it must merely be based on an actionable tort. *See generally,* Harper § 24.7. Some states regard the wrongful death suit as derivative. Those states construe the clause "if death had not ensued" (or as in our statute, "if he had lived"), as rendering the action genuinely derivative. *Id.* If the statute of limitation runs against the decedent at the time of his death, those states hold the beneficiaries may not bring a suit for wrongful death. *Id.*

Other states regard the wrongful death suit as a new and independent cause of action. Those states interpret the clause "if death had not ensued" as requiring simply an actionable tort as the basis. *Id.* Even if the statute of limitations has run against the decedent at the time of his death, those states hold that it does not bar the cause of action for wrongful death.

The Texas Supreme Court recently held that section 16.003(b) provides that a cause of action for wrongful death accrues when the injured person dies. *Moreno,* 787 S.W.2d at 352. In *Moreno,* the court said the discovery rule did not extend the time to file a wrongful death action. The *Moreno* court said section 16.003(b) means what it says: The cause of action for wrongful death may be filed from the time of the death and for two years after.

We deal with the converse of the *Moreno* problem here: not how late a wrongful death beneficiary may wait to file the action, but how soon the beneficiary may file the action.

We have already established that at his death, Mr. Russell could not have sued the Ingersoll–Rand defendants. Because Mr. Russell could not bring an action against them, defendants argue, under section 71.003, neither could plaintiffs bring a wrongful death action. Defendants assert that the wrongful death action is derived from Mr. Russell's suit, and is therefore barred by the same limitations period that would have barred a suit by Mr. Russell.

Plaintiffs concede that Texas courts have held that if a decedent's personal injury

claim would have been barred by a statute of limitations, the wrongful death claim is barred by the same statute of limitations. In *Davenport v. Phillip Morris, Inc.*, 761 S.W.2d 70, 71 (Tex.App.—Houston [14th Dist.] 1988, no writ), our sister court held that plaintiffs' wrongful death action was derivative of the decedent's cause of action. Nine years before decedent's death, his doctors told him his emphysema and cardiovascular problems were due to smoking. After his death, plaintiffs brought suit under both the wrongful death act and the survival act. Later, they abandoned the survival action. The cigarette companies moved for summary judgment on the ground that plaintiffs' wrongful death action was barred. *Id.* The court agreed, and held plaintiffs' cause of action for wrongful death was barred because the statute of limitations ran against a suit by the decedent. *Id.* at 72.

Plaintiffs argue that *Etessam*, 703 S.W.2d at 239, and *Burnett*, 687 S.W.2d at 54–55, support their argument that the statute of limitations did not expire on the wrongful death suit. As we noted earlier, in *Etessam* the Dallas Court of Appeals held that the wrongful death cause of action related back to the original suit filed by the decedent. 703 S.W.2d at 239. We are in complete agreement with *Etessam*. If before his death, Mr. Russell had filed suit against the Ingersoll–Rand defendants, plaintiffs could have instituted a wrongful death claim against them. We believe, as the Dallas court held, that a later wrongful death suit would relate back to Mr. Russell's original suit against the Ingersoll–Rand defendants. Here, however, there was no original suit to which a wrongful death action could relate back.

In *Burnett*, the Dallas Court of Appeals held that the wrongful death suit grew out of the same transaction as the original suit. Again, we agree with Burnett. If at the time of Mr. Russell's death, he had not filed suit against the Ingersoll–Rand defendants, but limitations had not yet run, plaintiffs could have brought a wrongful death claim against them. Or, as in *Burnett*, if limitations had not expired after Mr. Russell's death, plaintiffs could have filed a survival action, and later amended it to include a wrongful death claim. We have, however, already held that plaintiffs could not bring a survivor's suit against the Ingersoll–Rand defendants, because the limitations period had expired.

The courts of appeals cases we have reviewed treat the Texas wrongful death action as a derivative action.[4] No court has, however, reconciled sections 16.003(b) and 71.003(a) of the Civil Practice and Remedies Code. These sections, on their face, seem to be irreconcilable. We believe that they can be reconciled, by reading section 71.-003(a) to apply to the *right* to file a wrongful death suit, and 16.003(b) to govern the *time* period for filing the suit. The plaintiffs in this case never had the right to file a wrongful death suit.

We overrule plaintiffs' points as to the wrongful death claim.

## III. Constitutionality of Chapter 16

In points six and seven, plaintiffs argue that the trial court erred in granting summary judgment because the application of the statute of limitations in chapter 16 of the Texas Civil Practice and Remedies Code is unconstitutional and contrary to public policy.

When a party challenges a statute on grounds of constitutionality, we begin our analysis by presuming the statute is valid. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983); *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968); *Smith v. Smith*, 720 S.W.2d 586, 597 (Tex.App.—Houston [1st

---

4. Defendants cite a federal case very similar to this one, which also supports their argument. In *Terry v. Tyler Pipe Indus.*, 645 F.Supp. 1194, 1197–98 (E.D.Tex.1986), the decedent was diagnosed with industrial-related silicosis before death, and filed a workers' compensation suit against two employers. After his death, his wife filed a wrongful death suit, adding the defendants who supplied and distributed the products that caused his death. *Id.* at 1195. The court applied the statute of limitations for personal injury and breach of implied warranty, and held that the two or four year statute barred the decedent's actions. Thus, the court held, the statutes of limitation also barred the wife's wrongful death suit. *Id.* at 1198.

Dist.] 1986, no writ). The burden is on the party who challenges the statute to show that it is unconstitutional. *Sax v. Votteler,* 648 S.W.2d at 666; *Smith v. Smith,* 720 S.W.2d at 597.

In *Moreno,* the court held section 16.-003(b) was not unconstitutional. 787 S.W.2d at 357. We overrule points six and seven.