**Rafael and Felipa GANDARA, et al., Appellants,**

**v.**

**Harry W. SLADE, M.D., Appellee.**

**No. 3–91–389–CV.**

Court of Appeals of Texas, Austin.

June 10, 1992.

George W. Mauzé, II, Law Offices of Mauzé & Jones, San Antonio, for appellants.

Benjamin N. Hamilton, Sheehy & Hamilton, L.C., Waco, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

Rafael and Felipa Gandara, individually and as executor and executrix of the Estate of Hermalinda Gandara, appellants, appeal from a take-nothing summary judgment rendered against them in a medical-malpractice suit brought against Dr. Harry Slade, appellee. The only issue presented by this appeal is whether the Gandaras' cause of action was barred by limitations. Based on the record before us, we conclude that Dr. Slade failed to establish that the suit was barred as a matter of law. Accordingly, we will reverse the judgment and remand the cause for further proceedings.

## BACKGROUND

On April 23, 1985, Dr. Gary Hassman requested Dr. Slade to render a second opinion concerning the medical care and treatment of the Gandara's daughter, Hermalinda. Dr. Hassman had concluded that surgery was needed to correct cervical and lumbar spine problems that Hermalinda was experiencing. After personally examining Hermalinda on April 23, Dr. Slade advised her that he agreed with Dr. Hassman's diagnosis and proposed treatment plan. On April 26 and May 8, 1985, Dr. Hassman, assisted by Dr. Georges Hennard, performed surgery on Hermalinda. Dr. Slade did not participate in this surgery, and, according to his summary-judgment affidavit, he had nothing to do with Hermalinda's medical care or treatment other than examining her and rendering a second opinion on April 23, 1985.

Either during or after the surgeries, Hermalinda underwent several blood transfusions. More than three years later, on August 23, 1988, Hermalinda was notified that the donor of the blood that was transfused into her during her treatment in 1985 had tested positive for the HIV antibody. Hermalinda was later found to be HIV-positive and died from AIDS on January 20, 1990.

The Gandaras, individually and as executor and executrix of Hermalinda's estate, brought wrongful-death and survival causes of action against Dr. Hassman and Dr. Hennard pursuant to Tex.Civ.Prac. & Rem.Code Ann. §§ 71.002, 71.021 (1986). Dr. Slade was added as a defendant in February 1991. The Gandaras alleged that Dr. Hassman and Dr. Hennard committed negligent acts against their daughter by: (1) misdiagnosing her spinal problems; (2) performing unnecessary surgeries on her; and (3) failing to disclose the risk of contracting AIDS from a blood transfusion. The Gandaras alleged that Dr. Slade was negligent in April 1985 by: (1) misdiagnosing the deceased's spinal problems; (2) recommending unnecessary surgeries; and (3)

failing to disclose the incompetence of Dr. Hassman.

Dr. Slade filed a motion for summary judgment on the grounds that: (1) there was no material fact issue concerning his negligence; and (2) the Gandaras' suit was barred by limitations as a matter of law. The trial court granted Dr. Slade's motion and rendered a take-nothing judgment against the Gandaras. On joint motion by the parties, the trial court then severed the Gandaras' suit against Dr. Slade from their suit against Dr. Hassman and Dr. Hennard. The Gandaras have appealed the take-nothing judgment to this Court.

## STANDARD OF REVIEW

■■■ The standards for reviewing a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Dr. Slade concedes that the Gandaras submitted sufficient summary-judgment evidence to raise fact questions concerning the negligence issue. Therefore, limitations is the only ground remaining to support the summary judgment, and Dr. Slade had the burden to establish that defense as a matter of law. *See Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex.1989).

## STATUTE OF LIMITATIONS

Health-care liability claims such as in the present case are subject to the following limitations provision set forth in the Medi-

cal Liability and Insurance Improvement Act of Texas:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Pamph.1992).[1] Dr. Slade's allegedly negligent actions occurred on April 23, 1985; however, the Gandaras did not file suit against Dr. Slade until 1991, well past the expiration of the two-year limitations date of April 23, 1987. Therefore, on the surface it would appear that section 10.01 bars the Gandaras' suit against Dr. Slade. For the reasons discussed below, however, we conclude that fact issues remain.

■■■ The Texas Supreme Court has held that when applied to certain cases, section 10.01 violates the "open courts" provision of the Texas Constitution. *See Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985); *see also* Tex. Const. art. I, § 13. According to the supreme court, in order to challenge the constitutionality of section 10.01 *as applied to them,* the Gandaras had to allege that application of the provision would cut off their cause of action before they knew or should have known that a cause of action existed. *See Hellman,* 772 S.W.2d at 66. The Gandaras specifically made such allegations in both their petition and their response to Dr. Slade's motion for summary judgment. Further, the affidavits that the Gandaras attached to their summary-judgment response raised a fact issue concerning whether they or their daughter knew or reasonably should have known of Dr. Slade's negligence within two years of April 23, 1985. These allegations and summary-judgment proof sufficiently preserved the Gandaras' right to challenge the constitutionality of section 10.01, as applied to their cause of action. *See id.*

---

**1.** The Act defines "health care liability claim" to mean "a cause of action against a ... physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury or to death of the patient." Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.03(a)(4) (Pamph.1992).

Once the Gandaras alleged and presented sufficient facts to challenge the constitutionality of section 10.01, Dr. Slade had the burden to conclusively establish that there was no genuine issue of material fact concerning the time when the Gandaras discovered or should have discovered their cause of action. *See id.* As discussed above, on appeal from a summary judgment, we must take as true evidence favorable to the nonmovant. Through affidavits, the Gandaras presented evidence that neither they nor their daughter discovered or should have discovered the negligent acts of Dr. Slade until some time after their daughter's death on January 20, 1990. The Gandaras stated in their affidavits that they neither knew nor had reason to know that Dr. Slade had misdiagnosed their daughter's spinal problems and recommended unnecessary surgeries until after January 20, 1990.

■ In response, Dr. Slade points only to the evidence that on August 23, 1988, the Gandaras learned of the possibility that their daughter may have been infected with the AIDS virus through a blood transfusion. However, that evidence does not conclusively show when the Gandaras discovered or should have discovered the foregoing causes of action *against Dr. Slade.* His alleged negligence did not arise from transfusing the deceased with HIV-infected blood during surgery; rather, according to the Gandaras' summary-judgment evidence, which we must take as true, it arose from misdiagnosing the deceased's spinal problems, recommending the surgery in the first place, and failing to disclose the incompetence of Dr. Hassman. Therefore, based on the record before us, we conclude that a question of fact exists concerning whether the Gandaras or their deceased daughter knew or should have known of Dr. Slade's negligence more than two years before suit was brought against him.

## SURVIVAL AND WRONGFUL DEATH

■ As stated above, the Gandaras brought both a survival cause of action and a wrongful-death cause of action against Dr. Slade. The difference between the two actions lies in the beneficiaries and the damages. A survival cause of action is brought by the deceased's estate to redress the deceased's own injuries. *See Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33, 35 (Tex.1963); Tex.Civ.Prac. & Rem.Code Ann. § 71.021 (1986). A wrongful-death cause of action is brought by survivors of the deceased to compensate themselves for their loss of future pecuniary benefits, loss of inheritance, mental anguish, and loss of society and companionship. *See Moore v. Lillebo,* 722 S.W.2d 683, 687–88 (Tex.1986); *Castillo v. Hidalgo County Water Dist. No. 1,* 771 S.W.2d 633, 635 (Tex.App.1989, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 71.004 (1986).

With respect to the survival cause of action brought by the Gandaras on behalf of their daughter's estate, we point to our conclusion that a question of fact exists regarding when the Gandaras or their deceased daughter discovered or should have discovered the negligent acts of Dr. Slade. Because such fact issues remain, Dr. Slade has failed to establish as a matter of law that the survival action is barred by limitations.

■ With respect to the wrongful-death cause of action, such a claim is derivative in nature. Section 71.003(a) of the Civil Practices and Remedies Code provides that the code provisions which create the wrongful-death cause of action apply "only if the individual injured would have been entitled to bring an action for the injury if he had lived." Tex.Civ.Prac. & Rem.Code Ann. § 71.003(a) (1986). "A wrongful death action cannot be maintained successfully when the decedent has no cause of action if he survived the injuries." *Davenport v. Phillip Morris, Inc.,* 761 S.W.2d 70, 71 (Tex.App.1988, no writ). As discussed above, based on the record before us, a question of fact exists as to whether the deceased's survival cause of action is barred; therefore, because the Gandaras' wrongful-death cause of action is derivative of their deceased daughter's own cause of action, Dr. Slade has also failed to establish conclusively that the wrongful-death

suit is barred by limitations.[2]

Finally, Dr. Slade argues that this case will be controlled by the eventual decision of the supreme court in *Russell v. Ingersoll–Rand Co.,* 795 S.W.2d 243 (Tex.App. 1990, writ granted). We disagree. In *Russell* it was established that the deceased *knew* he had a cause of action against the defendant approximately six years before his death, yet he chose not to sue the defendant. After the deceased's death, his widow filed a wrongful-death claim against the defendant. The court of appeals held that the wife's wrongful-death action was barred by limitations because, if he were alive, a suit by the deceased would be barred. *See id.* at 248. Unlike *Russell,* a question of fact exists in the present case concerning when the Gandaras or their daughter first knew a cause of action existed against Dr. Slade; therefore, it has not been established as a matter of law, as it was in *Russell,* that the deceased daughter, if alive, would be barred from bringing a cause of action against Dr. Slade.

## CONCLUSION

Based on our foregoing discussion, we conclude that Dr. Slade failed to establish as a matter of law that the Gandaras' wrongful-death and survival actions were barred by limitations; therefore, we sustain the Gandaras' point of error, reverse the judgment of the trial court, and remand the cause for further proceedings.

CARROLL, C.J., not participating.

---

2. We note there is no question that the Gandaras filed their wrongful-death action against Dr. Slade within two years after their daughter's death. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (1986); *see also Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348 (Tex.1990) (holding that the discovery rule does not extend the time for filing a wrongful-death action beyond two years from the date of the death).