United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-40520
Summary Calendar
_____

RUBEN DIAZ, JR., for Jacob Diaz,

Plaintiff - Appellant,

versus

MAYOR OF CORPUS CHRISTI; CARRASCO, JR.,
Police Officer; T. J. WEAVER, Police;
R. ORTIZ, Police; CITY OF CORPUS CHRISTI
POLICE DEPARTMENT,

Defendants - Appellees.

------------------------------------------------------------------

RUBEN DIAZ, JR. (Father) for Jacob Diaz
(Deceased),

Plaintiff - Appellant,

versus

THE MAYOR OF CORPUS CHRISTI; THE CITY OF
CORPUS CHRISTI POLICE DEPARTMENT; THE
CITY OF CORPUS CHRISTI; DISPATCHER JOHN
DOE/JANE DOE; OFFICER JOHN DOE/JANE DOE
#1; OFFICER JANE DOE/JOHN DOE #2,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-479
USDC No. 2:03-CV-490

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[1]

Ruben Diaz, Jr. ("Diaz"), appeals the district court's dismissal of his claims related to the death of his son. We AFFIRM.

I

Diaz, a federal prisoner, filed a pro se wrongful death action in Texas state court against various political officials and police officers from Corpus Christi, Texas, alleging that they were responsible for the death of his son, Jacob Diaz ("Jacob"). He alleged that the defendants had been willfully negligent and deliberately indifferent and had violated his son's constitutional right to be free from "cruel and unusual punishment" when they failed to respond appropriately to a "911" call reporting that Jacob was being attacked by several men, leaving him to bleed to death. Diaz sought $2 million in damages. The defendants removed the wrongful death action to federal court because Diaz had alleged a violation of Jacob's constitutional rights.

Diaz also filed in federal court a pro se civil rights action under 42 U.S.C. § 1983, naming most of the same defendants and alleging essentially the same facts set forth in the wrongful death

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action. He attached a copy of his wrongful death complaint to the civil rights complaint.

The defendants filed identical motions to dismiss the civil rights and wrongful death complaints for failure to state a claim. The two actions were consolidated, and the district court dismissed Diaz's claims on the ground that it lacked jurisdiction because Diaz lacked standing to bring a § 1983 action on behalf of his deceased son. The court declined to exercise supplemental jurisdiction over Diaz's state law claims. Judgment was entered on March 23, 2004.

On April 8, Diaz filed a "Memorandum in Opposition" to the order of dismissal or, in the alternative, a notice of appeal. The attached envelope was postmarked April 5, 2004, and the back of the envelope contains a date stamp of April 3, 2004, indicating that the envelope was given to prison officials for mailing on that date.

On May 24, 2004, the district court issued an order denying Diaz's "Motion for Reconsideration." The court concluded that Diaz's motion was a motion for relief from judgment under Rule 60(b) rather than a Rule 59(e) motion to alter or amend the judgment because it was filed sixteen days after the entry of judgment. The court observed that Diaz had not challenged its finding that it lacked jurisdiction, and it concluded that even if it were to construe Diaz's action as one for injuries he personally suffered as a result of the deprivation of his son's constitutional

rights, Diaz had failed to state a constitutional claim under § 1983.

## II

### A

Diaz's "Memorandum in Opposition", construed by the district court as a motion for reconsideration, qualified as a FED. R. CIV. P. 59(e) motion to alter or amend the judgment because it was submitted to prison officials for mailing to the clerk within ten days after the court granted the defendants' motion to dismiss. See FED. R. CIV. P. 6(a); Houston v. Lack, 487 U.S. 266, 269-76 (1988). Accordingly, the underlying judgment is before this court for review. See Simmons v. Reliance Std. Life Ins. Co. of Texas, 310 F.3d 865, 867 (5th Cir. 2002).

### B

Citing this court's opinion in Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996), the district court held that it lacked jurisdiction over Diaz's claims regarding his son, because the "parents of the deceased may only 'sue under § 1983 for their own injuries resulting from the deprivation of decedent's constitutional rights.'" Although Diaz does not challenge the district court's conclusion that it lacked jurisdiction over his complaint, we nevertheless have the duty to consider this issue sua sponte. Bridgmon v. Array Systems Corp., 325 F.3d 572, 575 (5th Cir. 2003).

4

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). "Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits." Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004). "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." Id. (emphasis added).

In Texas, "[a] survival cause of action is brought by the deceased's estate to redress the deceased's own injuries." See Gandara v. Slade, 832 S.W.2d 164, 167 (Tex. Ct. App. 1992) (emphasis added) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (1986)). On the other hand, "[a] wrongful death cause of action is brought by survivors of the deceased to compensate themselves for their loss of future pecuniary benefits, loss of inheritance, mental anguish, and loss of society and companionship." Id. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (1986)).

Contrary to the district court's conclusion, Baker did not hold that surviving family members may sue only for their "own injuries" in order to recover for the violation of a decedent's constitutional rights. Baker, 75 F.3d at 195. In Baker, this court held that it is not the case "that only the person whose constitutional rights have been violated may bring an action under

5

§ 1983." Baker, 75 F.3d at 195. "On the contrary, it is the law of this circuit that individuals who are within the class of people entitled to recover under Texas's wrongful death statute have standing to sue under § 1983 for their own injuries from the deprivation of decedent's constitutional rights." Id. The court emphasized that the Texas wrongful death statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (West 1986), "clearly recognizes the right of the surviving children and parents of the deceased to bring an action for the benefit of all." Id.

In his pro se § 1983 and wrongful-death complaints, Diaz did not explicitly allege injuries that he had suffered personally as a result of the violation of his son's constitutional rights. There is no allegation by Diaz, a federal prisoner, that he is a legal representative of his son's estate and thus entitled to bring a survival action. Nonetheless, a pro se litigant's pleadings must be construed liberally in his favor. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The minutes of a pretrial conference and evidentiary hearing conducted by the magistrate judge on December 31, 2003, reflect that the magistrate judge instructed Diaz to look in the Texas Civil Practice and Remedies Code, sections 71.004A and 71.021B, so that he could advise the magistrate judge whether he wished to proceed under the Texas Survivor Act or the Texas Wrongful Death Act. The magistrate judge's report and recommendation states that,

6

at the Spears hearing conducted on March 10, 2004, Diaz informed the magistrate judge that he was intending to sue for his son's wrongful death. Thus, although Diaz did not explicitly enumerate injuries that he had suffered personally, we conclude that the district court should have liberally construed his "wrongful death" action such that it inherently alleged such losses. We therefore hold that Diaz has standing to assert claims for the wrongful death of his son.

C

Having concluded that the district court had jurisdiction to adjudicate the merits, we now turn to consider the district court's ruling, in its order denying Diaz's motion for reconsideration, that Diaz had failed to state a claim for the violation of his son's constitutional rights. Diaz has not alleged that the 911 caller informed the dispatcher as to Jacob's identity, location, or condition, nor has he asserted that any of the police officers who responded to the 911 call were aware of these matters. Mere negligence, of course, does not give rise to a cognizable constitutional claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 332-36 (1986). To the extent that Diaz asserts a claim that Jacob was subjected to "cruel and unusual punishment," the Cruel and Unusual Punishment Clause protects only convicted prisoners. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). To the extent that Diaz is arguing that the defendants' acts and omissions violated his son's substantive due process rights, he has

7

not shown either that Jacob was constitutionally entitled to competent protective or rescue services, see Beltran v. City of El Paso, 367 F.3d 299, 303-04 (5th Cir. 2004); Brown v. Commonwealth of Pa., Dep't of Health Emerg. Med. Servs. Training Inst., 318 F.3d 473, 478 (3d Cir. 2003), or that the defendants' acts and omissions "'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (citation omitted). We therefore conclude that the district court did not err by dismissing Diaz's claims. See Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001).

## III

The judgment of the district court is

AFFIRMED.